# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KERMITT BERNHART (#583245)**

**CIVIL ACTION**

**VERSUS**

**NO. 17-1165-SDD-RLB**

**TIM HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 27, 2018.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KERMITT BERNHART (#583245)

CIVIL ACTION

VERSUS

NO. 17-1165-SDD-RLB

TIM HOOPER, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against warden Tim Hooper and Asst. Warden Barrere complaining that his constitutional rights have been violated due to the handling of his administrative grievances and informal complaints.  The plaintiff is seeking monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a

claim which is based on an indisputably meritless legal theory, but also the unusual power to

pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded

facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.

*Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal

may be made any time, before or after service or process and before or after an answer is filed, if

the court determines that the allegation of poverty is untrue; or the action is frivolous or

malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against

a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v.*

*McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges that money was stolen from his inmate account following an

unprofessional relationship with a female correctional officer. He further alleges that he is

unable to send or receive mail, and his grievances have been denied. The plaintiff alleges that he

has written several letters to Warden Hooper and Asst. Warden Barrere regarding the same.

The plaintiff's allegations fail to state a claim cognizable in this Court. First, as to any

claims the plaintiff is asserting against the defendants in their official capacities, section 1983

does not provide a federal forum for a litigant who seeks the recovery of monetary damages

against state officials acting in their official capacities, specifically because these officials are not

seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State*

*Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United

States Supreme Court addressed the distinction between official capacity and individual capacity

lawsuits and made clear that a suit against a state official in his official capacity for monetary

damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.

*Id*. at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the

defendants in their official capacities is subject to dismissal.  In contrast, the plaintiff's claims for

monetary damages and injunctive relief asserted against the defendants in their individual

capacities remains viable because a claim against a state official in his individual capacity,

seeking to impose liability for actions taken by the official under color of state law, is not treated

as a suit against the state.  Of course, the plaintiff must prove a deprivation of a constitutional

right to obtain any relief.

Turning to the plaintiff's claims asserted against the defendants in their individual

capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case

because he has not alleged a physical injury sufficient to support such recovery.  Pursuant to 42

U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for

mental or emotional injury in the absence of some showing of physical injury.  Accordingly, this

aspect of the plaintiff's claim should be rejected.  Although the plaintiff might still be entitled to

recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir.

2007), he would need to establish some constitutional violation by the defendants in order to

merit such recovery.

Turning to the plaintiff's assertion that defendants Hooper and Barrere failed to respond

appropriately to his administrative grievances and informal complaints, these allegations fail to

state a meritorious claim inasmuch as an inmate plaintiff is not constitutionally entitled to an

investigation into his administrative claims or informal complaints, or to a fair or favorable

response thereto.  *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007).  *See also Geiger

v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a

federally protected liberty interest" in having his administrative claims resolved to his

satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on March 27, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."